IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS RICKS, III, | * | |
| and | * | |
| VICKY MONROE-RICKS, | * | Civil No. **PJM 19-2276** |
| Plaintiffs, | * | |
| v. | * | |
| AUTO GIANTS, INC., et al., | * | |
| Defendants. | * | |

## **MEMORANDUM OPINION**

On October 21, 2015, Plaintiff Louis Ricks, III purchased an allegedly defective car from Defendant Auto Giants, Inc. ("Auto Giants"). Along with the purchase of the car, which was financed through Defendant Capital One Bank, Mr. Ricks also entered into a Mechanical Repair Services Contract ("Repair Contract") with Defendant Assurant, Inc. ("Assurant"). According to the Amended Complaint, since the purchase, the car has suffered engine, power steering, and transmission problems necessitating it to be towed or pushed to a repair lot on several occasions. *See* ECF No. 10, pp. 9-10. Plaintiffs allege that Defendants have failed to replace the car or otherwise pay for its repair in accordance with the Repair Contract. Further, they allege that on February 15, 2016, while apparently attempting to have the car replaced, Mr. Ricks slipped and fell on an allegedly icy path at Auto Giants, causing injuries to his back, for which they seek damages. *Id.* at 9.

1

Plaintiffs have filed a Motion for Preliminary Injunction, ECF No. 1, and a Motion for Injunctive Relief, ECF No. 16. Assurant has filed a Motion to Dismiss, ECF No. 11.

**A. Procedural Deficiencies**

Before all else, the Court notes certain procedural deficiencies in this suit.[1]

First, Plaintiffs' initial filing was not accompanied by either the $400.00 civil filing fee or a Motion to Proceed In Forma Pauperis. In order to proceed in forma pauperis, Plaintiffs must file the appropriate Motion within thirty (30) days.[2] Otherwise, Plaintiffs would have to pay the required fee.

Second, Plaintiffs' filings, including ECF Nos. 1, 10, and 16, are signed by Plaintiff Vicky Monroe-Ricks but not by Plaintiff Louis Ricks, III. *See, e.g.,* ECF No. 5-1, p. 1. Local Rule 102(1)(a) requires that each pro se plaintiff individually sign a filing before it is accepted by the Clerk of the Court. While Plaintiffs identify themselves as "pro se," *see* ECF No. 18, p. 1, Mrs. Ricks holds herself out as an attorney for Mr. Ricks, *see, e.g.,* ECF No. 1, p. 2. In one filing she even provides a bar number. *See* ECF No. 10, p. 6. But, after inquiry by the Court, it appears that Mrs. Ricks is not a member of the Bar of this Court, as required for one to represent another – including a spouse – as counsel. *See* Local Rule 101(1)(a). Nor does it appear that Mrs. Ricks is a member of the Maryland Bar.

---

[1] This is not the first time the Court has advised Plaintiffs of the procedural deficiencies of their action. By Order dated November 27, 2019, the Court explained that Assurant had identified "several potential shortcomings in their filings" and that: "The law requires a plaintiff to establish that the court has jurisdiction, that plaintiff has properly served defendants, and that plaintiff has stated a plausible cause of action(s). It is not sufficient that a plaintiff merely claims to be frustrated or offended by a situation and posits a series of legal conclusions. Under Fed. R. Civ. P. 8, a complaint must allege facts that allow a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An attorney should be able to help Plaintiffs understand this standard." ECF No. 15.
[2] The Court attaches AO 239, Application to Proceed in District Court Without Prepaying Fees or Costs (also known as Motion to Proceed In Forma Pauperis). This form is also available on the Court's website, https://www.mdd.uscourts.gov/filing-fee (last visited February 5, 2020).

Accordingly, if, in fact, Mrs. Ricks is a member of the Maryland Bar, the Court directs that Mrs. Ricks file a Certificate of Good Standing as Member of the Maryland Bar. This she must also do within thirty (30) days of this Opinion. Otherwise, both Mrs. and Mr. Ricks must sign all future filings individually as pro se parties. Unless Mrs. Ricks files the Certificate, she must immediately refrain from holding herself out as an attorney in this Court or, indeed, in the State of Maryland. Mrs. Ricks, however, may appear pro se for herself.

Third, it appears that Plaintiffs may not have properly notified Defendants of this litigation.[3] No summons appear to have issued in this matter and Defendants Auto Giants and Capital One (though not Assurant) have yet to enter an appearance. Rule 4 of the Federal Rules of Civil Procedure sets out how service on defendants is to be effectuated. It requires a plaintiff to accomplish service "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an additional period." *Id.* More than 180 days have passed since the filing of the original Complaint.

That said, the Court will permit Plaintiffs to show good cause within thirty (30) days why service of process has not been effectuated upon Defendants Auto Giants and Capital One.[4] *See* Local Rule 103(8)(a). To show good cause, Plaintiffs must show that they "made reasonable and diligent efforts to effect service" within the 90-day limit. *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986), *accord Flemons v. J.P. Morgan Chase Bank, N.A.*, 2014 WL 6471603 *4 (D. Md. Nov. 14, 2014). Failure to make such a showing may result in the dismissal of their claims against Auto Giants and Capital One.

---

[3] The Court has previously brought this to Plaintiffs' attention. *See* ECF Nos. 2 and 15.
[4] Assurant, however, has appeared in the case and has waived any potential 12(b)(5) defense by failing to raise it in its Motion to Dismiss, ECF No. 11, and actively litigating this matter. *See* Fed. R. Civ. P. 12(h)(1); *see also Pusey v. Dallas Corp.*, 938 F.2d 498 (4th Cir. 1991).

### B. Motion to Dismiss

Assuming Plaintiffs cure the apparent procedural deficiencies noted above and because Plaintiffs appear to be proceeding representing themselves, the Court is obliged to liberally construe their allegations. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, is not required to conjure up questions never squarely presented to it, *see Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985), nor may it act as an advocate for a self-represented claimant, *see, e.g., Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996).

A pleading which sets forth a claim for relief must contain a short and plain statement of the factual grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). The facts alleged must be sufficient to raise a right to relief above the level of speculation and require "more than labels and conclusions," since "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Per Fed. R. Civ. P. 8, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[5]

Given these standards, it is apparent that Plaintiffs have not sufficiently pled facts to plausibly allege that Assurant is liable for Mr. Rick's slip and fall. They argue that "if the vehicle did not have those drive ability issues and would have otherwise been repaired or replaced thus adversely having to be towed back to Auto Giants then plaintiffs' [sic] would not have had to go back there and get that thing, thus the whole slip and fall based on that scenario would not have happened." ECF No. 10, p. 16. This is far too tenuous a connection. Because Plaintiffs do not

---

[5] The Court has previously advised Plaintiffs of Rule 8's requirements. *See* ECF No. 15; *supra* note 1.

4

allege that Assurant is in anyway responsible for Auto Giants' premises and, if so, that it could have possibly foreseen the purported injury, this claim falls well short of the requisite elements of duty and causation to indicate tort liability. *See, e.g., Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 560. Accordingly, Assurant's Motion to Dismiss will be **GRANTED** insofar as it pertains to the premises liability (i.e. slip and fall) claim.

Plaintiffs' other claims, including those pertaining to an alleged breach of the Repair Contract, remain in the case, at least for now. But the Court agrees with Assurant that the largely ambiguous allegations in the Amended Complaint do not enable Assurant to reasonably prepare an adequate response. *See* ECF No. 11-1, pp. 6-7. Moreover, Plaintiffs have identified a series of federal statutes that they say pertain to their case. *See* ECF No. 10. It is by no means clear, however, that Plaintiffs have successfully stated a claim pursuant to any of these statutes. Accordingly, pursuant to Fed. R. Civ. P. 12(e), Plaintiffs – in addition to rectifying the procedural deficiencies discussed above – are ordered to file a more definitive statement of their claims that:

- clarifies the basis for this Court's subject matter jurisdiction over this case, specifically as to any claims against Assurant;

- clarifies Mrs. Ricks' basis for standing to bring any claims against Defendants, including Assurant, in her own name;

- sets forth how and when each Defendant allegedly injured Plaintiffs. To the extent that this includes claims made pursuant to the Repair Contract, Plaintiffs must identify the date and subject matter of each claim as well as the nature of any response any Defendant may have made. To the extent that this includes a violation of a federal statute or statutes, they must identify the statute and the specific facts pertinent to such a violation; and,

- specifies precisely how and why the alleged federal statues apply.

This more specific complaint must be filed with the Court within thirty (30) days. If Plaintiffs fail to do so within that timeframe, the Court will decide the remainder of Assurant's Motion to Dismiss without further input from Plaintiffs.[6]

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**February 13, 2020**

---

[6] Plaintiffs' filings on August 7, 2019 and November 27, 2019 seek preliminary injunctive relief. *See* ECF Nos. 1 and 16. "A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). It should "be granted only if the moving party clearly establishes entitlement to the relief sought." *Id.* "A plaintiff seeking a preliminary injunction must demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (*quoting Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). Nothing in the Complaint or Amended Complaint suggests the appropriateness of injunctive relief in this conventional breach of contract case. Accordingly, Plaintiffs' Motions for Preliminary Injunction, ECF Nos. 1 and 16, are **DENIED**.