**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LOUIS RICKS, III,** | * | |
| | * | |
| and | * | |
| | * | |
| **VICKY MONROE-RICKS,** | * | |
| | * | Civil No. **PJM 19-2276** |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| **AUTO GIANTS, INC., et al.,** | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Despite ample warnings from the Court, *Pro Se* Plaintiff Vicky Monroe-Ricks has failed to comply with important rules of court and for that reason her case and the claims she purports to bring for her husband Louis Ricks, III will be **DISMISSED without PREJUDICE.**

1. Ms. Monroe-Ricks refuses to file a Motion to Proceed In Forma Pauperis or pay a filing fee, asserting that Defendants should pay because they caused the harm she complains of. There is no legal basis for refusing to pay a filing fee on that ground. If Ms. Monroe-Ricks were to ultimately prevail in an action against one or more Defendants, she could be awarded costs including the said filing fee. Otherwise the case officially stops here. Still a few cautions may be helpful for Ms. Monroe-Ricks to understand.

2. She may represent herself in this Court, but unless she is an attorney authorized to practice in this Court, she may not represent her husband Louis Ricks, III. Apparently she is not an attorney licensed here. Thus, if Mr. Ricks wishes to proceed, he must either represent himself or find a licensed attorney to do so.

3. Ms. Monroe-Ricks may assert a claim of breach of contract if she is a signed party to the contract, but she may not assert breach of a contract that only her husband, not she, has signed.

4. As for the claim for injuries when her husband allegedly tripped and fell at Defendant Auto Giants, Inc., any such claim would have to be pursued by him personally, not by Ms. Monroe-Ricks, unless she is an attorney authorized to practice in this Court, which she apparently is not.

5. The legal concept of proximate cause may present an obstacle to Mr. Ricks' pursuit of his trip and fall claim, but rather than elaborate, the Court again strongly suggests Plaintiffs consult an attorney on the matter.

6. The foregoing are neutral principles of law. It is inappropriate to suggest that they are in any way motivated by racial animus.

7. Defendant Assurant, Inc.'s Motion to Dismiss will be **GRANTED without PREJUDICE**. *Pro Se* Plaintiffs' Motion to Close This Case is **MOOT**. A Separate Order will be entered.

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**July 9, 2020**